*Northern District*

A.D. No. 5547

**MARY STEVENSON**
v.
**NOBO TELEVISION CO., INC.**

(January 11, 1962)

*Present:* Brooks, P. J. and Eno, J.

Case tried to *Lee, J.,* in the First District Court of Eastern Middlesex. No. 1412 of 1960.

*Eno, J.* In this action of tort, as stated in the report, or Tort or Contract as per the docket entries, the plaintiff seeks to recover for damages as a result of a fire following repairs made on a television set by the defendant's servant, agent or employee.

The answer contains a general denial and pleas of contributory negligence and payment in full.

The reported evidence is as follows:

"The plaintiff owned a television set which was bought new and was two years old at the time of the alleged incident set forth in the plaintiff's declaration. The plaintiff engaged the services of defendant corpor-

ation to make certain repairs on said television set. The defendant corporation sent a repair man to the plaintiff's home, who replaced a tube and fixed a short circuit. The repair man left and the plaintiff says she turned on her set about five minutes later.

There was evidence that the television set was working after the repair man completed his repairs and that he turned the set off before leaving the plaintiff's home. The repair man was paid for said repairs before he left the plaintiff's home. After the repair man left, the plaintiff testified that five minutes later she turned the set on and this was her only contact with the set. After the set was on for two or three minutes, the plaintiff says she saw smoke coming from the set, pulled out the plug and ran out into the street.

The resulting fire engrossed (sic.) three of the five rooms in the plaintiff's apartment, which was extinguished by the Boston Fire Department. Records of the Boston Fire Department subpoened by the plaintiff showed the cause of the fire was from a short circuit in the television set."

The defendant made the following requests for rulings:

1. Upon all the evidence, and the law, the plaintiff is not entitled to recover.
2. The defendant cannot be negligent if he did what an ordinary and prudent man

with his skill and experience would have done under like circumstances.

3. Upon all the evidence the Court is warranted in finding that the defendant and/or its servant or agents were not guilty of negligence.

4. In order for the plaintiff to recover, the plaintiff must prove by a preponderance of the evidence that the defendant was negligent.

5. The mere fact that if there was an injury, there can be no recovery unless there is shown that negligence existed.

6. That in order to recover, the plaintiff must show that the defendant owed him a duty; that the defendant violated said duty, and as a consequence of said violation, the plaintiff was damaged.

The Court allowed those numbered 2, 4, 5, and 6, and denied numbers 1 and 3.

The plaintiff made the following requests for rulings:

1. Upon all the evidence the doctrine for (sic.) Res ipsa loquitur applies.

2. As a matter of law upon all the evidence that if the defendant created a danger to the plaintiff, he is liable for the result of such action even though the precise manner in which the danger would arise could not have been foreseen.

3. Upon all the evidence, as a matter of law, the repair of the television of the plaintiff by the defendant was done for the

benefit of both parties and therefore ordinary negligence on the part of the defendant is sufficient for the plaintiff to recover.

4. Upon all the evidence and as a matter of law, there is not evidence that the accident was caused by any contributory negligence on the part of the plaintiff.

5. The Court rules upon all the evidence that in order for the plaintiff to recover, it is not necessary in this case to prove the exact method in which the defendant was negligent.

6. If the Court finds that the defendant violated the duty it owed to the plaintiff, that it is sufficient evidence to warrant the plaintiff to recover.

7. The Court rules that the repair man of the television was, at the time of the accident, the servant or agent of the defendant, Nobo Television.

8. The plaintiff was not obliged to show as part of the evidence the specific negligent act or omission of the defendant, or its agents, or servants, which caused the television to explode and burst into flames.

The Court denied request number 1, and allowed all the others.

The Court also made the following findings of facts:

"I find that a television repair man in the employ of the defendant made certain repairs to the plaintiff's television set, to wit, replaced a tube and fixed a circuit and was

paid for his work. That shortly after he left, the plaintiff turned on the set and that within five minutes, the set was smoking and then exploded causing a fire in her apartment and resulting in the damages as set out above. I find that the defendant was negligent and there was evidence of a short circuit. The plaintiff is not required to show the exact cause of the explosion, and I find that the plaintiff's testimony shows a greater probability that this explosion and fire resulted from the defendant's negligence than from any non-actionable cause."

The defendant claims "to be aggrieved by the Court's rulings, that the plaintiff is not required to show the act or acts of negligence by the defendant, in as much as the court denied the plaintiff's rulings that the doctrine of Res ipsa loquitur applied in this case, is contrary to law".

However, since the defendant in its brief only claims error in the denial of its requests for rulings 1 and 3 and to the Court's finding of fact that

"The plaintiff is not required to show the exact cause of the explosion, and I find that the plaintiff's testimony shows a greater probability that this explosion and fire resulted from the defendant's negligence than from any non-actionable cause"

we treat all the other issues as waived.

The first request was properly denied because it fails to comply with Rule 27

of the Rules of the District Courts (1952).

■ The third request became immaterial in view of the finding of the trial judge.

The Supreme Judicial Court (Kirk, J.) in *West v. Molders Foundry Co., Inc.,* 342 Mass. 8, 10 held that:

"If upon any reasonable view of the evidence there is found any combination of circumstances from which a rational inference may be drawn in favor of the plaintiff, then there was no error in the denial of the motion (for a directed verdict), even if there may be other and different circumstances disclosed in the evidence which, if accepted as true by the jury, would support a conclusion adverse to the plaintiff".
See also *Brennan v. Arlington Gas Light Co.,* 341 Mass. 679.

We think that the trial judge, following this decision, could properly make a finding for the plaintiff in this case.

■ There was, therefore, no prejudicial error in his rulings and the report is to be dismissed.

Winetsky & Zuker of Boston, for the Plaintiff.
Alfred P. Farese of Everett, for the Defendant.